UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CR-20324-JEM

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

VERONICA RAMOS HERNANDEZ,
    Defendant.
_____/

### DEFENDANT VERONICA RAMOS' SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE

Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure and Rule 88.8 of the Local Rules for the United States District Court for the Southern District of Florida, Ms. Veronica Ramos respectfully submits this sentencing memorandum and request for variance.

### INTRODUCTION

Veronica Ramos is a 35-year-old woman, who is married and is the mother to two young children. Ms. Ramos came to the United States in 2020 fleeing the socialist regime that has overtaken Venezuela. Ms. Ramos was found guilty of conspiring to commit health care and wire fraud, in violation of 18 U.S.C. § 1349, seven counts of health care fraud in violation of 18 U.S.C. § 1347 and two counts of wire fraud in violation of 18 U.S.C. § 1343.  her total offense level, as calculated by the PSR, is 33 with a criminal history category I and a corresponding guideline imprisonment range of 135 to 168 months.

For the reasons set forth in this memorandum, Ms. Ramos respectfully requests that the Court impose a sentence that would significantly reduce the time her children are separated from her.

## APPLICATION OF 18 U.S.C. § 3553

The Supreme Court held in **United States v. Booker**, 543 U.S. 220 (2005), that courts have the discretion to sentence outside of the guidelines. Booker held that the guidelines were advisory and that courts should not mechanistically apply the guidelines. The Sentencing Reform Act, as revised by **Booker**, requires consideration of the guidelines, but also mandates that the court exercise its discretion by tailoring a sentence in light of the statutory criteria contained in 18 U.S.C. § 3553(a).

Section 3553(a) directs sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a) states that such purposes include consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence:

- A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- B. to afford adequate deterrence to criminal conduct;
- C. to protect the public from further crimes of the defendant; and
- D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*See*, § 3553(a).

A consideration of these factors inures toward the determination that a 135-to-168-month sentence is greater than necessary to fulfill the aforesaid sentencing goals and a significant downward variance is justified.

## NATURE AND CIRCUMSTANCES OF INSTANT OFFENSE

Since this case went to trial, the Court had the opportunity to listen firsthand to the facts and circumstances of the offense. Ms. Ramos has maintained her innocence since her arrest and has been steadfast in her decision to go to trial. While the charges of healthcare fraud and wire fraud are egregious, it should have also been evident that Ms. Ramos was taken advantage of by someone who was skilled and experienced in committing fraud. Ms. Ramos entrusted her clinic to Ms. Dianelis Garcia Alvarez and did not offer the supervision that was required to ensure that no fraud was committed, and that the clinic was operating legitimately.

## MS. RAMOS PERSONAL HISTORY AND CHARACTERISTICS

Ms. Ramos' family dynamics represent a compelling reason for a significant variance because she and her husband face significant prison sentences, she provides structure to her children, and her children will suffer tremendously through an extended period of incarceration. A defendant's extraordinary family circumstances can constitute a legitimate basis for imposing a below-guidelines sentence. **U.S. v. Schroeder**, 536 F.3d 746, 755-756 (7th Cir. 2008). When a defendant presents an argument for a lower sentence based on extraordinary family circumstances, the relevant inquiry is the effect of the defendant's absence on her family members. See, e.g., **United States v. Johnson**, 964 F. 2d 124, 129 (2d Cir. 1992) ("The rationale for a downward departure here is not that [the defendant's] family circumstances decrease her culpability, but that we are reluctant to wreak extraordinary

destruction on dependents who rely solely on the defendant for their upbringing.").

The daily routine that the children were accustomed to has been disrupted. An extended period of incarceration will cause the family to suffer confusion and uncertainty through her absence. The developmental impact it will have on his young children will be everlasting. In fact, in anticipation of what is to come, the older child has already been referred to his school therapist to help him cope with the anxiety and stress that his parent's incarceration will have on him.

Ms. Ramos incarceration has already had palpable effects on the family as evidenced by the report prepared by their therapists. The children, as well as their parents, have already begun to experience emotional harm, which will only be exacerbated by a lengthy prison sentence. Accordingly, the Court should consider the detrimental effects that imprisoning their parents will have on Carlos Rafael and Sebastian and vary downward from the sentencing guidelines.

Fortunately, Ms. Ramos has family and friends who can assist in the caretaking function of the children, although everyone recognizes that they will fall short of the care and love offered by their mother. It should come as no surprise that the family and friends have offered to help after reading the wonderful things that they said about Ms. Ramos. The letters will be helpful to the Court to assess Ms. Ramos individually despite the stain that this conviction has left upon her. Ms. Ramos is first and foremost universally described as "mother." A common concern among her friends and family members is the impact that incarceration will have upon her children. The letters are replete

4

with specific examples of moments in which Ms. Ramos helped a friend or touched the life of a family member.  The support of his family and friends provides the Court for a reason to vary downward from the sentencing guidelines. The betrayed trust and heightened expectations from friends and family members serve as a restraint on any possibility of recidivism.

   Ms. Ramos is a woman who has always worked diligently and tirelessly to advance her career. For many years she was successful, productive and legally contributing to her industry and community. Given an opportunity to redress her wrongs, Ms. Ramos can return to being the valuable and productive member of the community she was for many years. In short, she is a talented and capable woman, worthy of a chance to rehabilitate. Rehabilitation is another goal of sentencing to be considered by the Court. **See Simon v. United States**, 361 F. Supp. 2d 35, 48 (E.D.N.Y. 2005). As aptly stated, the goal of rehabilitation "cannot be served if a defendant can look forward to nothing beyond imprisonment." "A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life." **United States v. Carvajal**, 2005 WL 476125, *6 (S.D.N.Y.).

   Despite not having been sentenced yet, Ms. Ramos has suffered greatly since her arrest. With no criminal history, the experience of a federal arrest has been a life changing one. The public shame and embarrassment that stems from a federal arrest for a woman wholly unfamiliar with the criminal justice system has forced painful introspective assessments. Ms. Ramos has suffered a precipitous fall from grace, the loss of many things dear to her, including her reputation. Now she finds herself a convicted felon, humiliated before her family,

5

friends and peers and facing a significant prison sentence - undeniably a constellation of factors which indeed serve as a deterrence to everyone familiar with her predicament. Ms. Ramos asks for an opportunity to rebuild her life.

## 18 U.S.C. § 3553(A)(2) FACTORS

Granting Ms. Ramos a significant downward variance will satisfy the factors laid out in Section 3553(a)(2). By imposing a reduced sentence upon her, the Court will still reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. This will serve to impress upon her both the seriousness of her offense and the importance of respecting the laws of the United States. A shorter term of imprisonment will also serve as a deterrent of further criminal conduct and will protect the public from crimes by Ms. Ramos. Although nothing in the record suggests that Ms. Ramos will reoffend, the experience thus far has provided more than enough incentive to never commit another crime again. The stress and emotional toll thus far coupled with incarceration and punishment will eliminate the risk of recidivism. Finally, as previously mentioned, Ms. Ramos was gainfully employed and the Court does not need to provide her with educational or vocational training. Moreover, she is not suffering from addiction, mental health issues or destructive habits, therefore no medical care, rehabilitative treatment or other correctional treatment is required.

## CONCLUSION

Because Ms. Ramos is a mother to two young children, the Court should vary downward and impose a significantly reduced sentence than what is called

for by the sentencing guidelines in order to decrease the amount of time her children will be separated from her.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Respectfully submitted,

*/S/ Erick Cruz*
Florida Bar #43628
Attorney for Defendant
1108 Ponce de Leon Blvd. Coral Gables, FL 33134
305-444-3844
305-721-1696 – Fax
Cruz@ErickCruzLaw.com
